Lane *v.* Miller et al.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Chandler & Hynes,* for the appellant.

*Lewis C. Stinson,* for the appellees.

---

LANE *v.* MILLER *et al.*

STATUTES CONSTRUED—CHANGE OF VENUE.—Where a change of venue is taken from a judge of a Circuit Court, such judge is authorized by the statutes, 2 G. & H. 154–5, to appoint a judge of the Court of Common Pleas to try the cause.

SAME—ACTION—INJURIES BY MILL-DAM.—A party who is injured by the erection of a mill-dam, is not deprived by the statute, 2 G. & H. 310, of his remedy for such injury, by action at common law, unless the damages have been assessed by writ of assessment, and such assessment confirmed by the Court and paid within the year after confirmation.

APPEAL from the *Orange* Circuit Court.

WORDEN, J.—This was an action by the appellant against the appellees, for a nuisance in overflowing the plaintiff's lands by means of a mill-dam. Demurrer to the complaint sustained, and exceptions; final judgment for the defendant. The plaintiff appeals.

Before discussing the principal question involved, we will dispose of a preliminary point made by the appellees. The

cause appears to have been decided below by the *Hon. David T. Laird* instead of the *Hon. Geo. A. Bicknell,* the judge of the *Orange* Circuit Court, hence the appellees move to dismiss the cause, claiming that the proceedings were *coram non judice* and void. But the record shows that a change of venue was taken from *Judge Bicknell,* and that he appointed *Judge Laird,* who was judge of the Court of Common Pleas of *Orange* county, to try the cause. This was authorized by the statute. 2 G. & H. 154–5. There is evidently nothing in this objection.

The objection made to the complaint is that as the law on the subject of the assessment of damages has given a person whose lands are injured by means of the erection of a mill-dam a remedy by writ of assessment of damages, he is confined to that remedy and can not resort to his action at common law. In *Snowdon* v. *Wilas,* 19 Ind. p. 10, a query is raised whether he should not be confined to the statutory remedy, but the point has never been thus decided by this Court. In *Summy* v. *Mulford,* 5 Blackf. 202, the point, after full examination, was ruled the other way. There the statute authorized any person who might be damaged by the overflowing of the water to obtain a writ of *ad quod damnum* in the same manner as was directed in case of persons wishing to build a mill, &c.

The following observations of the Court in that case are equally applicable here : "Some statutes are, from their being in affirmative terms, called affirmative statutes; others obtain the name of negative statutes because they are penned in negative terms. It is a maxim of law, that an affirmative statute does not take away the common law, and a party may make his election to proceed upon the statute or at common law. Bac. Abr., tit. Statute, (G); 2 Burr. 303. The statute under consideration contains nothing in the terms of it repugnant to the right of the plaintiff to resort to the remedy

given him by the common law.  He may therefore resort to it, for to be deprived by statute of a remedy which he possessed before the enactment of the statute, its terms should be express, or so clearly repugnant to the exercise of it, as to imply a negative."

In examining the present statute on the subject of the assessment of damages (2 G. & H. 310) we find nothing inconsistent with the right of a party who is injured by the erection of a dam, (no proceedings having been taken to assess the damages by writ of assessment,) to resort to his common law remedy, by action.  On the contrary the common law remedy is, as we think, recognized as continuing to exist. The ninth clause of section 684 authorizes "any person injured in any manner by a mill-dam already built, to have the damages assessed, or the dam declared a nuisance, as the case may require," by means of the writ of assessment.   Sec. 703 provides that "any assessment of damages confirmed by the Court, and paid within a year after confirmation shall bar a recovery for the same in any other action."   This section seems clearly to contemplate that a party injured may resort to his common law action, and provides what proceedings under the writ of assessment of damages shall bear such action.

We are of opinion that the objection to the complaint is not well taken.

*Per Curiam.*—The judgment is reversed, with costs.

*R. Crawford* and *A. J. Simpson*, for the appellant.

*J. Collins, Thos. L. Collins* and *A. B. Collins*, for the appellees.